**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS, INC.,                    No. C-11-5570 EMC

        Plaintiff,

    v.                                            **ORDER DENYING PLAINTIFF'S
                                              MOTION TO ALTER OR AMEND
HAROON MUJADIDI,                              JUDGMENT**

        Defendant.                           **(Docket No. 23)**

_____/

       Previously, the Court granted Plaintiff Joe Hand Promotions, Inc.'s ("JHP") motion for default judgment and awarded it $6,400 in damages. *See* Docket No. 21 (Order at 10).  JHP now moves the Court to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Having considered the papers submitted, the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for October 26, 2012.  The Court hereby **DENIES** JHP's motion.

## I.   DISCUSSION

A.   Legal Standard

       Rule 59(e) allows a party to move to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). "Reconsideration under Rule 59(e) is appropriate 'if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010).  In the instant case, JHP claims that the Court committed clear error only.

**United States District Court**
For the Northern District of California

"While [c]ourts have generally not defined what constitutes clear error under Rule 59(e), case law indicates that clear error should conform to a very exacting standard." *Pet Food Express, Ltd. v. Royal Canin USA, Inc.*, No. C-09-1483 EMC, 2011 U.S. Dist. LEXIS 141281, at *9 (N.D. Cal. Dec. 8, 2011) (internal quotation marks omitted).  For example, some courts have suggested that a "'a final judgment must be "dead wrong" to constitute clear error.'" *Chamber of Commerce of the United States v. NLRB*, No. 11-2262 (JEB), 2012 U.S. Dist. LEXIS 104539, at *12-13 (D.D.C. July 27, 2012); *see also Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA(NLS), 2011 U.S. Dist. LEXIS 54104, at *5-6 (S.D. Cal. May 20, 2011) (indicating that "[m]ere doubts or disagreement about the wisdom of a prior decision . . . will not suffice" and that "a decision must strike us as more than just maybe or probably wrong; it must be dead wrong"; also indicating that there would be clear error if the movant could establish "a wholesale disregard, misapplication, or failure to recognize controlling precedent") (internal quotation marks omitted).  The Ninth Circuit has, at the very least, indicated that there is no clear error where the issue is "a debatable one." *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (stating that "[t]he question being a debatable one, the district court did not commit clear error when it limited access to the file pursuant to the terms of the protective order."); *cf. Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1994) (noting that mere disagreement with the manner in which a court applied a legal standard is insufficient to support a Rule 59(e) motion to alter or amend); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, No. CIV 06-02674 PHX RCB, 2012 U.S. Dist. LEXIS 45794, at *53 (D. Ariz. Mar. 30, 2012) (stating that a "'manifest error of law is not merely a party's disagreement with how the trial court applied the law'").

B.    Section 605 Liability

      In its motion, JHP argues first that the Court clearly erred in denying the motion for default judgment on the § 605 claim for liability. *See* 47 U.S.C. § 605.  While JHP has cited some case law in its favor, none of those cases is binding precedent on this Court.  Moreover, JHP admits that there are cases that support this Court's conclusion. *See* Mot. at 4 (admitting that "[t]here is a split of

United States District Court

For the Northern District of California

1   authority on whether to apply section 553 or section 605 in a default context").  Because the issue is

2   a debatable one, the Court finds that JHP has not adequately established clear error.[1]

3          The Court also notes that, contrary to what JHP argues in its motion, it did not specifically

4   plead that Defendant Haroon Mujadidi unlawfully intercepted a satellite broadcast as opposed to a

5   cable signal.  In its complaint, JHP simply pled that there was a violation of both § 605 and 47

6   U.S.C. § 553.  Furthermore, even if JHP had specifically pled interception of a satellite broadcast,

7   that does not mean that the Court would be prohibited from exploring the truth of that allegation

8   because of Mr. Mujadidi's default.  Federal Rule of Civil Procedure 55(b)(2)(c) expressly provides

9   that a "court may conduct hearings or make referrals . . . to . . . establish the truth of any allegation

10  by evidence."  Fed. R. Civ. P. 55(b)(2)(C).

11  C.     Damages

12         In addition to the above, JHP contends clear error with respect to the Court's assessment of

13  damages – both statutory and enhanced.  The problem for JHP, once again, is that it has failed to

14  establish clear error on the part of the Court.  As above, JHP has at best shown that the issues are

15  debatable.

16         1.     Statutory Damages

17         In the case at bar, the Court awarded JHP $1,500 in statutory damages for the violation of §

18  553.  This was within the range of statutory damages available for a violation of § 553.  *See* 47

19  U.S.C. § 5539c)(3)(A)(ii) (providing that "the party aggrieved may recover an award of statutory

20  damages for all violations involved in the action, in a sum of not less than $250 or more than

21  $10,000 as the court awards just").  The Court explained that this was a just award because it was " a

22  rough approximation of the loss incurred by JHP (*i.e.*, the licensing fee of $900) plus some margin

23  for profits earned by Mr. Mujadidi from the event."  Docket No. 21 (Order at 8).  There was nothing

24

25         [1] Notably, JHP was aware of the unfavorable case law prior to moving for a default judgment
    in this case.  *See, e.g.*, *Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW (JSC), 2011 U.S.
26  Dist. LEXIS 107332, at *10 (N.D. Cal. Aug. 2, 2011), *adopted by* 2011 U.S. Dist. LEXIS 107099
    (N.D. Cal. Sept. 21, 2011).  Given this foreknowledge, JHP could have asked for the opportunity to
27  develop evidence on § 605 liability, but it did not.  Having taken the risk of not developing an
    evidentiary basis to support § 605 liability, JHP cannot now claim clear error on the part of the
28  Court.

United States District Court

For the Northern District of California

1  to indicate that profits were substantial – *e.g.*, there was no evidence that Mr. Mujadidi required

2  customers to pay a cover charge and the number of persons at the establishment at the time was not

3  large (only 20 or so patrons).

4          JHP has failed to point to any flaw in the above reasoning, simply arguing that, in other

5  cases, courts have awarded more. But JHP's reliance on many of the cases is problematic. For

6  example, in *J&J Sports Productions, Inc. v. Mosley*, No. C-10-5126 CW (EMC), 2011 U.S. Dist.

7  LEXIS 56220 (N.D. Cal. Apr. 13, 2011), *adopted by* 2011 U.S. Dist. LEXIS 56549 (N.D. Cal. May

8  25, 2011), the statutory damages award ($2,500) was greater than that awarded here ($1,500)

9  because the licensing fee was greater ($2,200 compared to $900). Similarly, in *J&J Sports*

10 *Productions, Inc. v. Mujadidi*, No. C-11-5423 YGR (JCS) (N.D. Cal.), the statutory damages

11 recommended were greater in part because of the greater licensing fee.[2] *See J&J Sports Prods., Inc.*

12 *v. Mujadidi*, No. C-11-5423 YGR (JCS) (N.D. Cal.) (Docket No. 15) (R&R at 9). Finally, JHP

13 ignores the fact that, as catalogued by Judge Alsup in *J&J Sports Productions, Inc. v. Concepcion*,

14 No. C 10-05092 WHA, 2011 U.S. Dist. LEXIS 60607 (N.D. Cal. June 7, 2011), courts in this

15 District have often awarded actual damages within the range of $1,500. *See id.*, appendix.

16 D.     Enhanced Damages

17         In the instant case, the Court awarded enhanced damages in the amount of $4,000. This

18 award is more than four times the licensing fee ($900) and more than two-and-half times the

19 statutory award ($1,500). The Court concluded that this amount was sufficient to remove any profits

20 from Mr. Mujadidi and deter any future piracy.

21         As above, JHP has failed to point to any flaw in the above reasoning, basically arguing once

22 again that, in other cases, courts have awarded more. But similar to above, JHP's reliance on many

23 of the cases is problematic. For example, in *J & J Sports Prods. v. Guzman*, No.

24 5:09-cv-05124-JF/HRL, 2010 U.S. Dist. LEXIS 113351 (N.D. Cal. Oct. 14, 2010), Judge Fogel did

25 award a substantial amount in enhanced damages ($34,400) but this was informed in large part by

26 _____

27         [2] Judge Spero ultimately awarded $4,200 in statutory damages, representing a $2,200
licensing fee plus an additional $2,000 to serve as a deterrent and as a penalty because of
28 willfulness. This Court, however, believes that these latter issues are more appropriate for
consideration in dealing with enhanced damages.

4

1  the fact that the defendants had already had default judgments entered against them in three different

2  cases. *See id.* at *8-9. Here, there is no other default judgment that has been entered against Mr.

3  Mujadidi – at least, not yet. While Mr. Mujadidi has been sued for piracy in one other case, *see J&J*

4  *Sports Prods., Inc. v. Mujadidi*, No. C-11-5423 YGR (JCS) (N.D. Cal.), that is only one other case –

5  not three.[3] Furthermore, only a report and recommendation has been rendered in that case; there has

6  been no final judgment. As for the report in recommendation, the Court takes note that Judge Spero

7  recommended enhanced damages in the amount of $4,000 only – the same as here.

8       Finally, the Court emphasizes that a $4,000 enhanced damages award is likely to serve as a

9  deterrent under the circumstances. First, Mr. Mujadidi is an individual. An award of $4,000 for an

10  individual is not an insignificant sum. Second, $4,000 is substantially more than the cost of a

11  license here – *i.e.*, $900. In the future, given the choice between paying a license fee or an enhanced

12  damages award more than four times greater, Mr. Mujadidi would plausibly opt for the former. This

13  is especially true given that there is no evidence that Mr. Mujadidi likely earned substantial profits

14  as a result of his piracy such that Mr. Mujadidi would be willing to take the risk of not paying a

15  license fee.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ——————————————

27       [3] And Mr. Mujadidi's alleged piracy in the *J&J Sports* case took place close in time to the piracy in the case at bar – only three days. In the *Guzman* cases, the defendants' piracy took place

28  over the course of a year. Thus, even though Mr. Mujadidi may well be a repeat offender, his conduct does not evidence the same pattern of improper conduct as in the *Guzman* cases.

## II.   <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that JHP has failed to establish clear error justifying relief.

This order disposes of Docket No. 23.


IT IS SO ORDERED.


Dated:  October 15, 2012

_____
EDWARD M. CHEN
United States District Judge